## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **LABORERS' PENSION FUND and** | ) | |
| **LABORERS' WELFARE FUND OF THE** | ) | |
| **HEALTH AND WELFARE DEPARTMENT** | ) | FILED STAMPED: JULY 16, 2008 |
| **OF THE CONSTRUCTION AND GENERAL** | ) | 08CV4041 |
| **LABORERS' DISTRICT COUNCIL OF** | ) | JUDGE KENNELLY |
| **CHICAGO AND VICINITY, and JAMES S.** | ) | MAG. JUDGE COLE |
| **JORGENSEN, Administrator of the Funds,** | ) | J. N. |
| | ) | |
| **Plaintiffs,** | ) | **Case No.** |
| | ) | |
| **ASSOCIATED SURFACE CLEANING, INC.,** | ) | |
| **d/b/a/ ASSOCIATED SURFACE CLEANING,** | ) | |
| **d/b/a RDHM SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively the "Funds") and James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by

their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy Carollo, and

Charles Ingrassia, for their Complaint against Defendant Associated Surface Cleaning, Inc., d/b/a

Associated Surface Cleaning, d/b/a RDHM Services, Inc., state as follows:

### COUNT I

### (Failure To Submit To An Audit)

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2.     Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.     The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.     Plaintiff Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.     Defendant Associated Surface Cleaning, Inc., d/b/a Associated Surface Cleaning, d/b/a RDHM Services, Inc., ("Defendant" or the "Company") is an Illinois corporation currently not in good standing. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

2

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2006. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7.      The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), the Will-Grundy Industry Advancement Trust ("WGC"), and the Illinois Environmental Contractor's Association ("IECA") to act as an agent in the collection of contributions due to those funds.

8.      The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered

under the Agreement and the amount of contributions to be remitted to the Funds on behalf of

each covered employee. Pursuant to the terms of the Agreement and the Funds' respective

Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion

are assessed up to 20 percent liquidated damages plus interest.

9.      The Agreement and the Funds' respective Agreements and Declarations of Trust

require the Company to submit its books and records to the Funds on demand for an audit to

determine benefit contribution compliance.

10.     The Agreement obligates the Company to obtain and maintain a surety bond to

insure future wages, pension and welfare contributions.

11.     Notwithstanding its obligations under the terms of the Agreement and the Funds'

respective Agreements and Declarations of Trust, the Company has:

a.      failed to submit its books and records to an audit for the period of April 1, 2005

forward, thereby depriving the Funds of information and income necessary to administer the

Funds; and

b.      failed to obtain and maintain a surety bond.

12.     The Company's actions in failing to submit to an audit and to obtain and maintain

a surety bond violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA.

29 U.S.C. §185.

13.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of

the LMRA, 29 U.S.C. §185, and the terms of the Agreement, the Participation Agreements and

the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid

contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs,

accumulated interest and accumulated liquidated damages on late reports, reasonable attorneys'

fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against

Defendant Associated Surface Cleaning, Inc., d/b/a Associated Surface Cleaning, d/b/a RDHM

Services, Inc:

a.    ordering the Defendant to submit its books and records to an audit upon demand

for the period of April 1, 2005 forward;

b.    ordering the Company to obtain and maintain a surety bond in accordance with

the terms of the Agreement; and

c.    awarding Plaintiffs any further legal and equitable relief as the Court deems

appropriate.

## COUNT II

### (Failure To Submit To An Audit)

14.    Plaintiffs reallege paragraphs 1 through 10 of Count I.

15.    Pursuant to agreement, the Funds have been duly designated to serve as collection

agents for the Union in that the Funds have been given the authority to collect from employers

union dues which should have been or have been deducted from the wages of covered

employees.

16.    Notwithstanding the obligations imposed by the Agreement, the Defendant has

failed to submit their books and records to a requested audit for the period of April 1, 2005

forward, thereby depriving the Union of information necessary to administer its operations.

17.    Pursuant to the Agreement, the Defendant is liable to the Funds for the unpaid

union dues, as well as liquidated damages, audit costs, reasonable attorneys' fees and costs as the

Union's collection agent, and such other legal and equitable relief as the Court deems

appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court order Defendant Associated

Surface Cleaning, Inc., d/b/a Associated Surface Cleaning, d/b/a RDHM Services, Inc., to submit

its books and records to an audit for the period of April 1, 2005 forward and enter judgment

against the Defendant for the amount of the union dues owed to date together with all liquidated

damages, liquidated damages on late reports, audit costs, attorneys' fees and costs, and any other

legal and equitable relief as the Court deems appropriate.

July 15, 2008                                          Laborers' Pension Fund, et al.

                                                      By:  _____
                                                           Charles Ingrassia

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540



# Construction & General Laborers'
## District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A.F. of L. – C.I.O. –
6121 WEST DIVERSEY AVENUE – CHICAGO, ILLINOIS 60639 – PHONE 773-237-7337 – FAX 773-237-3417

LOCALS 1, 2, 4, 5, 6, 25, 76, 96, 118, 149, 152, 225, 288, 296, 582, 681, 1001, 1006, 1035, 1092

### INDEPENDENT CONSTRUCTION INDUSTRY
### COLLECTIVE BARGAINING AGREEMENT

Associated Surface Cleaning Inc.

*(body text illegible)*

Date: Oct 9 2000

ACCEPTED:
Laborers' Local Union No. **225**

By: _Russ Schim_

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____
For Office Use Only: **IECA**

X Associated Surface Cleaning Inc.
(Employer)

X Robert P. Mitchell, President
(Print Name and Title)

X _____
(Signature)

X 160 6155 Buttonwood Ave North
(Address)

X Chicago IL 60148
(City, State and Zip Code)

X 630- 241-0800
(Telephone)

X FAX 630-241-0822

LOCAL UNION


EXHIBIT
A