F:\WP51\DOCS\ASCINC\6022.0002\00017215.DOC

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNSIL OF CHICAGO AND VICINITY and JAMES S. JORGENSEN, Administrator of the Funds<br><br>Plaintiffs,<br><br>v.<br><br>ASSOCIATED SURFACE CLEANING, INC., d/b/a ASSOCIATED SURFACE CLEANING, d/b/a RDHM SERVICES, INC.<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case 08 CV 4041 ) ) Magistrate ) Judge Cole ) ) Judge Kennelly ) ) |

## ANSWER

NOW COMES the Defendant, ASSOCIATED SURFACE CLEANING INC, d/b/a ASOCIATE DSURFACE CLEANING, d/b/a RDHM SERVICES, INC., by and through its attorneys, Emalfarb, Swan & Bain, and for its Response to the Plaintiffs' Complaint states as follows:

### COUNT I
### (Failure To Submit To An Audit)

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

RESPONSE: Admitted

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

RESPONSE: Admitted

F:\WP51\DOCS\ASCINC\6022.0002\00017215.DOC

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

RESPONSE: Admitted

4. Plaintiff Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

RESPONSE: Unknown with regard to the responsibilities of Mr. Jorgensen.

5. Defendant Associated Surface Cleaning, Inc., d/b/a Associated Surface Cleaning, d/b/a RDHM Services, Inc., ("Defendant" or the "Company") is an Illinois corporation currently not in good standing. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

RESPONSE: Admitted as to being a previous Illinois Corporation, Associated Surface Cleaning is no longer in business and therefore it does not do business within this district, but has done business within the district.

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2006. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

F:\WP51\DOCS\ASCINC\6022.0002\00017215.DOC

RESPONSE: Admitted

7. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), the Will-Grundy Industry Advancement Trust ("WGC"), and the Illinois Environmental Contractor's Association ("IECA") to act as an agent in the collection of contributions due to those funds.

RESPONSE: Unknown to this Defendant.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

RESPONSE: Paragraph 8 refers to the terms of a legal document, which speaks for itself, and therefore the Defendant denies any allegations which are inconsistent with the terms of the document.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

RESPONSE: Admitted

10. The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

F:\WP51\DOCS\ASCINC\6022.0002\00017215.DOC

RESPONSE: Denied as the Defendant is no longer in business.

11. Notwithstanding its obligations under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

    a. failed to submit its books and records to an audit for the period of April 1, 2005 forward, thereby depriving the Funds of information and income necessary to administer the Funds; and

    b. failed to obtain and maintain a surety bond.

RESPONSE: 11(a). Denied

    11(b). Denied as to any obligation to maintain surety bond after the company ceased business.

12. The Company's actions in failing to submit to an audit and to obtain and maintain a surety bond violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

RESPONSE: Denied

13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement, the Participation Agreements and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, accumulated interest and accumulated liquidated damages on late reports, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

RESPONSE: Denied.

WHEREFORE, for the foregoing reasons, the Defendant, ASSOCIATED SURFACE CLEANING INC, d/b/a ASOCIATE DSURFACE CLEANING, d/b/a RDHM SERVICES, INC, pray that this Court dismiss Count I of Plaintiffs' Complaint with prejudice.

## COUNT II
### (Failure To Submit To An Audit)

NOW COMES the Defendant, ASSOCIATED SURFACE CLEANING INC, d/b/a ASOCIATE DSURFACE CLEANING, d/b/a RDHM SERVICES, INC, by and

F:\WP51\DOCS\ASCINC\6022.0002\00017215.DOC

through their attorneys, Emalfarb, Swan & Bain, and for its response to Count II of Plaintiffs' Complaint states as follows:

14. Plaintiffs reallege paragraphs 1 through 10 of Count I.

RESPONSE: The Defendant re-alleges its responses to paragraphs 1 through 10 of Count I as its response to paragraph 14 of Count II as if the same were fully set forth herein.

15. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

RESPONSE: Unknown to this Defendant.

16. Notwithstanding the obligations imposed by the Agreement, the Defendant has failed to submit their books and records to a requested audit for the period of April 1, 2005 forward, thereby depriving the Union of information necessary to administer its operations.

RESPONSE: Denied.

17. Pursuant to the Agreement, the Defendant is liable to the Funds for the unpaid union dues, as well as liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

RESPONSE: Denied.

WHEREFORE, for the foregoing reasons, the Defendant, ASSOCIATED SURFACE CLEANING INC, d/b/a ASOCIATE DSURFACE CLEANING, d/b/a RDHM SERVICES, INC, prays that this Court dismiss Count II of Plaintiffs' Complaint with prejudice.

> Respectfully submitted,
> ASSOCIATED SURFACE CLEANING
> INC d/b/a ASSOCIATED SURFACE
> CLEANING d/b/a RDHM SERVICES INC
>
> _____/s/Peter G. Swan_____
> EMALFARB, SWAN & BAIN
> Its Attorneys

F:\WP51\DOCS\ASCINC\6022.0002\00017215.DOC

Peter G. Swan
EMALFARB, SWAN & BAIN
440 Central Avenue
Highland Park, IL 60035
P: (847) 432-6900
F: (847) 432-8950
#6186883